IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSALINA CASTRO,

    Plaintiff,

v.                                                                    No. 15-cv-0694 SMV/WPL

WAL-MART STORES, INC.,

    Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Notice of Removal [Doc. 1], filed by Defendant Wal-Mart Stores East, L.P.,[1] on August 7, 2015. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Notice of Removal, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Specifically, Defendant fails to allege the citizenship of its partners. Therefore, the Court will order Defendant Wal-Mart to file an amended notice of removal no later than September 2, 2015, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

### BACKGROUND

On August 7, 2015, Defendant Wal-Mart filed its Notice of Removal under 28 U.S.C. § 1332. [Doc. 1] at 3–4. Defendant asserts that there is complete diversity of citizenship and

---

[1] Defendant indicates that it was incorrectly named "Wal-Mart Stores, Inc." in the Complaint. [Doc. 1] at 1. Defendant explains that its correct name is "Wal-Mart Stores East, L.P." *Id.* Accordingly, Defendant is a limited partnership, not a corporation.

that the amount in controversy exceeds $75,000.  *Id*.  In support of its claim of diversity of citizenship, Defendant alleges that Plaintiff is a citizen of New Mexico.  *Id.* at 4.  Defendant further alleges that it is "a limited partnership organized under the laws of the State of Delaware with its principal place of business in Arkansas. For the purposes of determining diversity, Wal-Mart is a citizen of the State of Arkansas and the State of Delaware."  *Id.* (citing §1332(c)).  However, Defendant makes no allegation about the citizenship of its partners.  *See id.*

## LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights.  *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957).  Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal.  *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).  The removing party bears the burden of establishing the requirements for federal jurisdiction.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  § 1332(a).  When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought.  *See* 28 U.S.C. § 1441(a), (b).

Determining the citizenship of a limited partnership is different from determining the citizenship of a corporation under § 1332.  A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business.  *See* § 1332(c).  Limited partnerships, however, are citizens of every state in which any of its partners is a citizen.  *Ravenswood Inv. Co. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1222 (10th Cir. 2011).  Here, the facts set forth in the Notice of Removal do not sufficiently establish Defendant's citizenship because they are silent on the citizenship of Defendant's *partners*.  *See* [Doc. 1] at 3–4.

A notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective.  *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 300 (10th Cir. 1968).  Technical defects, however, may be cured by amendment of the notice.  *See id.* at 300–02 (permitting amendment of notice of removal to allege principal place of business of defendant and citizenship, rather than mere residence, of plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 (Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.).  As the Tenth Circuit explained in *Hendrix*, disallowing amendment in circumstances comparable to those in this case would be "too grudging with reference to the controlling statute [§ 1653], too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts."  *Hendrix*, 390 F.2d at 301 (footnotes omitted).

Accordingly, the Court will give Defendant the opportunity to file an amended notice of removal to properly allege the citizenship of each of its partners at the time the Complaint was filed. *See Siloam Springs Hotel, L.L.C., v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015) (holding that "the relevant time period for determining the existence of complete diversity is the time of the filing of the complaint").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Wal-Mart shall amend the Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **September 2, 2015**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **September 2, 2015**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

4