IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROSALINA CASTRO,**

    Plaintiff,

v.                                                            No. 15-cv-0694 SMV/WPL

**WAL-MART STORES, INC.,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on review of the Amended Notice of Removal [Doc. 6], filed by Defendant Wal-Mart Stores East, L.P.,[1] on August 28, 2015. Pursuant to the Court's duty to determine whether subject matter jurisdiction exists sua sponte, *see Tuck v. United Servs. Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988), the Court had ordered Defendant to amend its original Notice of Removal to allege the citizenship of its partners to support diversity jurisdiction. [Doc. 4]. Defendant timely amended its notice of removal. [Doc. 6]. The Amended Notice, however, still fails to adequately allege the citizenship of its partners because it fails to allege the citizenship of each and every member of Wal-Mart Stores East, LLC. *Id.* at 4. Therefore, the Court will order Defendant Wal-Mart to file a second amended notice of removal no later than September 22, 2015, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

---

[1] Defendant indicates that it was incorrectly named "Wal-Mart Stores, Inc." in the Complaint. [Doc. 6] at 1. Defendant explains that its correct name is "Wal-Mart Stores East, L.P." *Id.* Accordingly, Defendant is a limited partnership, not a corporation.

On August 7, 2015, Defendant Wal-Mart filed its Notice of Removal under 28 U.S.C. § 1332. [Doc. 1] at 3–4. Defendant asserts that there is complete diversity of citizenship and that the amount in controversy exceeds $75,000. *Id.* In support of its claim of diversity of citizenship, Defendant alleges that Plaintiff is a citizen of New Mexico. *Id.* at 4. Defendant further alleges that it is "a limited partnership organized under the laws of the State of Delaware with its principal place of business in Arkansas. For the purposes of determining diversity, Wal-Mart is a citizen of the State of Arkansas and the State of Delaware." *Id.* (citing §1332(c)). However, Defendant made no allegation about the citizenship of its partners. *See id.* Because limited partnerships, are citizens of every state in which any of its partners is a citizen, *Ravenswood Inv. Co. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1222 (10th Cir. 2011), the Court ordered Defendant to amend its Notice of Removal to allege the citizenship of its partners.

Defendant filed an Amended Notice of Removal, alleging that its partners were WSE Management, LLC, and WSE Investment, LLC. [Doc. 6] at 4. Defendant further alleged that the sole member of both WSE Management, LLC, and WSE Investment, LLC, was Wal-Mart Stores East, LLC. *Id.* However, Defendant did not go on to allege the citizenship of each and every member of Wal-Mart Stores East, LLC. *Id.* Instead, Defendant alleged that Wal-Mart Stores East, LLC, "is an Arkansas limited liability company [with its] principal place of business [in] Bentonville, Arkansas." *Id.* (citing § 1332(c)(1)).

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See*

§ 1332(c).  Limited liability companies, however, are treated as partnerships for citizenship purposes and are therefore citizens of every state in which any of its members are citizens. *Siloam Spring Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (2015).  Here, the facts set forth in the Amended Notice of Removal do not sufficiently establish Defendant's citizenship because they are silent on the citizenship of the members of Wal-Mart Stores East, LLC.  *See* [Doc. 6] at 4.

Accordingly, the Court will give Defendant the opportunity to file a second amended notice of removal to properly allege the citizenship of each of its partners at the time the Complaint was filed.  *See Siloam Springs*, 781 F.3d at 1239 (holding that "the relevant time period for determining the existence of complete diversity is the time of the filing of the complaint").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Wal-Mart shall file a second amended Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **September 22, 2015**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **September 22, 2015**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**